IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **OPHELIA AUSTIN,**<br><br>  Plaintiff,<br><br>  v.<br><br>**ROOMSTOGO.COM, INC.,**<br><br>  Defendants. | **CIVIL ACTION FILE NO.** |

### NOTICE OF REMOVAL

**COMES NOW** RoomsToGo.com, Inc. ("RTG.com") and submits this Notice of Removal of the action referenced herein from the Superior Court of Douglas, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing as follows:

1.

RTG.com is the named defendant in a civil action brought in the Superior Court of Douglas, Georgia, styled *Ophelia Austin v. RoomsToGo.com, Inc.*, Civil Action File No. 22CV01090. Attached hereto and made a part hereof as Exhibits are:

- Exhibit A: A true and correct copy of the Complaint filed by Plaintiff in the Superior Court of Douglas County; and

- Exhibit B: A true and correct copy of the Summons issued by the Clerk of the Superior Court of Douglas County for RTG.com.

The attachments hereto, Exhibits A, B and C, constitute all the pleadings that have been filed in the subject case in the Superior Court of Douglas County, Georgia.

2.

The action was commenced by the filing of Plaintiff's Complaint on June 15, 2022. The registered agent for RTG.com was served on June 23, 2022.

3.

RTG.com removes this case based upon the jurisdiction granted this Court by 28 U.S.C. § 1332.

4.

Pursuant to 28 U.S.C. § 1446(b)(1) and FED. R. CIV. P. 6(a),[1] this Notice of Removal is filed within 30 days after receipt by RTG.com, through service or otherwise, of a copy of a pleading, amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

---

[1] RTG.com was served on June 23, 2022.  The 30th day from that service date is July 23, 2022, which is a Saturday.  "Because that deadline coincides with a weekend Defendant's window to timely remove is extended to Monday, [July 25, 2022], under FED. R. CIV. P. 6(a)(1)(C)." *Chamblin v. VIAS (One Exch. Co.)*, No. 2:18-CV-0725-UJB-VEH, 2018 U.S. Dist. LEXIS 86468, at *7 n.3 (N.D. Ala. May 23, 2018). *See also* FED. R. CIV. P. 6(a)(1)(C) (directing when computing time to "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday")); *Hardy v. Ruffin*, No. 2:18-CV-01477-KOB, 2018 U.S. Dist. LEXIS 222327, at *2-3 (N.D. Ala. Dec. 5, 2018) ("Here, the 30th day fell on September 9, which was a Sunday. Rule 6 allows for a deadline falling on a Sunday to continue until the end of the next day that is not a Saturday, Sunday, or legal holiday. So, Monday, September 10 became the last day to timely file a notice of removal."); *Bivins v. Nationstar Mortg., LLC*, No. 1:16-cv-302-WSD, 2016 U.S. Dist. LEXIS 91859, at *7 (N.D. Ga. July 14, 2016) (same).

5.

RTG.com shows that the subject controversy is one between a citizen and resident of the State of Georgia (Ophelia Austin) and a corporation that is not a citizen or resident of the State Georgia (RTG.com).

6.

On information and belief, Plaintiff Ophelia Austin was at the time of the commencement of this action and still is a citizen and resident of the State of Georgia.

7.

RTG.com is a corporation organized under the laws of the State of Florida with a principal place of business in Florida.

8.

Based upon the allegations contained in the Complaint, RTG.com asserts that the matter in controversy exceeds $75,000.00, excluding interest and costs, and is a civil action brought in a Superior Court of the State of Georgia, of which the United States District Courts have original jurisdiction because of diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332.

The party removing on § 1332 grounds bears the burden of showing that the amount in controversy is greater than the $75,000 jurisdictional amount.[2] This showing sometimes requires additional evidence, but when a defendant alleges that the face of the complaint itself supports removal, "the district court must

---

[2] *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

evaluate whether the complaint itself satisfies the defendant's jurisdictional burden."[3]

If, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."[4] In this assessment, the district court "need not suspend reality or shelve common sense."[5] Instead, the court may use "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable."[6] Furthermore, the Court must consider the request for and availability of punitive damages "unless it is apparent to a legal certainty that such cannot be recovered."[7]

This case involves allegations of alleged personal injury as a result of a trip and fall in a Rooms To Go retail location.[8] In this alleged fall, Plaintiff claims that she fell "violently"[9] and "hit[] her face and head on the floor."[10]

---

[3] *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

[4] *Id*.

[5] *Id*.

[6] *Id*.

[7] *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *see also Roe*, 613 F.3d at 1061.

[8] *See* Complaint ¶ 5.

[9] *See* Complaint ¶ 5.

[10] *See* Complaint ¶ 6.

Plaintiff seeks all damages incurred as a result of the accident, which she alleges included "serious injuries, including but not limited to a facial injury, *mild traumatic brain injury*, [] an abdominal wall hernia [and] emotional injury."[11]

Plaintiff has specifically alleged that she has "incurred medical and other expenses for necessary medical treatment,"[12] "sustained physical pain and suffering and will continue to suffer in the future,"[13] and "suffered a decrease in her quality of life and will continue to do so in the future."[14]

Plaintiff further alleged that the actions of RTG.com "showed that entire want of care which would raise the presumption of conscious indifference to consequences, entitling Plaintiff to recover punitive damages in an amount to be determined by a jury at trial."[15]

While no specific dollar amount is claimed in the Complaint, the injuries complained of, including a mild traumatic brain injury, are of the type and sort that, in RTG.com's counsel's experience, exceed the jurisdictional threshold. Additionally, as the Eleventh Circuit has noted, when determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that they cannot be recovered.[16]   While RTG.com certainly denies that Plaintiff is entitled to any

---

[11] *See* Complaint ¶ 10 (emphasis added).

[12] *See* Complaint ¶ 25.

[13] *See* Complaint ¶ 26.

[14] *See* Complaint ¶ 27.

[15] *See* Complaint ¶ 30.

[16] *Holley Equip. Co.*, 821 F.2d at 1532.

punitive damages here, they have been pled and must be considered as the Court considers the jurisdictional threshold in this case.

Given these assertions as to items of damages sought and the injuries suffered, RTG.com has a good faith basis to believe that the jurisdictional limit of $75,000 is met in this matter.

10.

Based on the complete diversity that exists between the parties and the amount in controversy, the pending action is one that RTG.com is entitled to remove to this Court pursuant to 28 U.S.C. §§ 1332, 1446(b).

**WHEREFORE**, RoomsToGo.com, Inc. prays that this Notice of Removal be filed, said action be removed to and proceed in this Court, and no further proceedings be had in this case in the Superior Court of Douglas, Georgia.

**Respectfully submitted** this 25th day of July 2022.

HAWKINS PARNELL & YOUNG, LLP

/s/ *C. Shane Keith*

| | |
|---|---|
| 303 Peachtree Street | C. Shane Keith |
| Suite 4000 | Georgia Bar No. 411317 |
| Atlanta, Georgia 30308-3243 | Andrew B. McClintock |
| (404) 614-7400 | Georgia Bar No. 791979 |
| (404) 614-7500 (fax) | *Counsel for RoomsToGo.com, Inc.* |
| skeith@hpylaw.com | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)

I hereby certify pursuant to Rule 7.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Book Antiqua" font, 13 point, as required by Local Rule 5.1(C).

## CERTIFICATE OF SERVICE

I have served Plaintiff's counsel in this case with the foregoing NOTICE OF REMOVAL and Exhibits A and B by placing copies in the U.S. Mail in an envelope with adequate postage, addressed as follows:

> Susan B. Shaw
> Susan B. Shaw Law, LLC
> 120 West Trinity Place – 4th Floor
> Decatur, Georgia 30030

This 25th day of July 2022.

**HAWKINS PARNELL & YOUNG, LLP**

/s/ *C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
Andrew B. McClintock
Georgia Bar No. 791979
*Counsel for RoomsToGo.com, Inc.*

303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 (fax)
skeith@hpylaw.com
amcclintock@hpylaw.com

Case 1:22-cv-02910-MLB   Document 1   Filed 07/25/22   Page 8 of 15

FILED
6/15/2022 3:03 PM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA
22CV01090

IN THE SUPERIOR COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

| | |
|---|---|
| OPHELIA AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | |
| ) | |
| ROOMSTOGO.COM, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff OPHELIA AUSTIN, and files her Complaint against Defendant ROOMSTOGO.COM, INC., and shows this Honorable Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Defendant ROOMSTOGO.COM, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Florida, but which is authorized to do business in the State of Georgia and which has an office and transacts business in Douglas County, Georgia, which may be served by second original by service upon its registered agent for service, C T Corporation System, at the registered agent's address 289 S Culver St., Lawrenceville, GA 30046, and which is subject to the jurisdiction of this Court by virtue of facts set forth hereinafter.

2.

This Court has jurisdiction over the parties, subject matter of this Complaint, and Plaintiff's requests for relief. Venue is proper in this Court.

1

**Exhibit A**

## BACKGROUND

3.

On June 25, 2020, Plaintiff Ophelia Austin (herein referred to as "Plaintiff") was shopping at Rooms to Go located at 6540 Douglas Blvd., Ste. A, Douglasville, GA 30135 ("Rooms to Go").

4.

As Plaintiff was walking through the store, she saw a vase on a shelf in the corner and walked over to take a closer look. The shelf was next to a couch, and an unsecured cord was on the carpeted floor in between the shelf and couch.

5.

While attempting to walk away after examining the vase, Plaintiff's left shoe got caught on the unsecured electrical cord, causing her to fall to the ground unexpectedly and violently.

6.

Plaintiff fell forward, hitting her face and head on the floor.

7.

There were no warnings in the area of the unsecured cord on the ground at the time of the fall.

9.

Defendant had exclusive ownership, possession, and control over this area at Rooms to Go at all times relevant to this litigation.

10.

As a result of Plaintiff's fall, she suffered serious injuries, including but not limited to a facial injury, mild traumatic brain injury, and an abdominal wall hernia. She also suffered emotional injury because of the fall.

## COUNT I – PREMISES LIABILITY

11.

Plaintiff hereby incorporates Paragraphs 1-10 as if stated verbatim herein.

12.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for visitors at Rooms to Go such as Plaintiff.

13.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazardous condition, in failing to take adequate measures to protect visitors from the hazard and in failing to keep the premises safe for visitors.

14.

Specifically, Defendant was negligent by not notifying or warning visitors of the hazard created by the loose cord on the floor. Defendant knew or should have known that the cord was a danger to visitors on the premises and should have changed, altered, removed the obstacle or warned visitors about the hazardous condition to avoid the premises.

15.

Defendant's conduct as outlined in Paragraph 14 above was willful and wanton.

16.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

## COUNT II – NEGLIGENCE

17.

Plaintiff hereby incorporates Paragraphs 1-10 as if stated verbatim herein.

3

18.

At all times relevant hereto, Defendant owed a legal duty to visitors of Rooms to Go to maintain the premises in a reasonably safe condition, including keeping the walkways clear so that residents and visitors can safely get to their destinations; to correct dangerous conditions of which it knew or should have known; and to warn Plaintiff and others of any dangerous conditions.

19.

Defendant breached its duty to the Plaintiff by failing to keep its premises in a safe and proper condition, and by failing to warn her of such dangerous conditions.

20.

Specifically, Defendant was negligent by creating the hazardous condition and by not notifying visitors of the hazard created by the loose cord on the floor.

21.

At all times relevant hereto, Defendant had knowledge of the hazard, but failed to correct the condition and/or warn the Plaintiff of its existence.

22.

The negligence of the Defendant in exposing the Plaintiff to a dangerous terrain and then failing to warn her was the direct, actual, and proximate cause of the Plaintiff's injuries.

24.

As a direct, actual and proximate result of Defendant's negligence, the Plaintiff sustained serious injuries, including but not limited to a facial injury, mild traumatic brain injury, and an abdominal wall hernia.

25.

As a result of her injuries, the Plaintiff has incurred medical and other expenses for necessary medical treatment in an amount to be determined at trial.

26.

As a direct, actual and proximate result of Defendant's negligence, the Plaintiff has sustained physical pain and suffering and will continue to suffer in the future.

27.

As a direct, actual, and proximate result of Defendant's negligence, Plaintiff has suffered a decrease in her quality of life and will continue to do so in the future.

28.

At all times herein mentioned, Plaintiff exercised ordinary and due care for her own personal safety and well-being.

## COUNT III - PUNITIVE DAMAGES

29.

Plaintiff hereby incorporates Paragraphs 1-10 as if stated verbatim herein.

30.

Plaintiff shows that the actions of the Defendant, as alleged herein, showed that entire want of care which would raise the presumption of conscious indifference to consequences, entitling Plaintiff to recover punitive damages in an amount to be determined by a jury at trial.

## COUNT IV - EXPENSES OF LITIGATION

31.

Plaintiff hereby incorporates Paragraphs 1-10 as if stated verbatim herein.

32.

Plaintiff shows that Defendant has acted in bad faith, has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense thereby entitling Plaintiff to recover her expenses of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays for the following relief:

a. That Plaintiff recover general and compensatory damages in an amount to be determined by a jury at trial;

b. A sum of damages to compensate for Plaintiff's injuries and damages, including, but not limited to, past and future medical expenses; and past, present, and future pain and suffering as aforesaid;

c. Judgment be rendered against Defendant for punitive damages to deter like or similar conduct in the future;

d. That Plaintiff recover expenses of litigation, including reasonable attorney's fees, in an amount to be determined by a jury at trial;

e. Plaintiff be awarded prejudgment interest on all damages as allowed by law;

f. Interest on the judgment be awarded at the legal rate from the date of judgment;

g. That this Court grant Plaintiff such other and further relief as may be deemed just and proper.

Respectfully submitted this 15th day of June 2022.

SUSAN B. SHAW LAW, LLC

By: /s/ Susan B. Shaw
Susan B. Shaw
Georgia Bar No. 640237
120 West Trinity Place

6

22CV01090

Fourth Floor
Decatur, GA 30030
Direct: 404-442-2062
Cell: 404-668-9009
Susan@sbshawlaw.com

FILED
6/15/2022 3:03 PM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA
22CV01090

IN THE SUPERIOR COURT OF <u>DOUGLAS</u> COUNTY
STATE OF GEORGIA

OPHELIA AUSTIN

PLAINTIFF

CIVIL ACTION
NUMBER <u>22CV01090</u>

VS.

ROOMSTOGO.COM, INC.

c/o R.A. C T Corporation System

289 Culver St., Lawrenceville, GA 30046

DEFENDANT

SUMMONS

TO THE ABOVE NAME DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is:

Susan B. Shaw Law
120 W Trinity Place, Fourth Floor
Decatur, GA 30030

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of sercice. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____

Clerk of Superior Court

BY _____

Deputy Clerk

**Exhibit B**